UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JUSTIN D. KONIKOW, | Case No. 3:22-cv-01449-MC |
| Petitioner, | OPINION AND ORDER |
| v. | |
| DEWAYNE HENDRIX, | |
| Respondent. | |

_____

MCSHANE, District Judge.

Petitioner files this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that the Bureau of Prisons (BOP) has failed to correct his criminal history and refuses to determine whether he is entitled to relief under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). Petitioner has not exhausted his available administrative remedies and fails to show that he should be excused from the exhaustion requirement. Moreover, this Court cannot provide the relief petitioner seeks. Accordingly, the Petition is DISMISSED.

1 - OPINION AND ORDER

DISCUSSION

Petitioner is currently serving a federal sentence at FCI Sheridan. In Ground One of his Petition, petitioner claims that his BOP "Individualized Needs Plan–Program Review" incorrectly references a "pending" charge for Grand Theft and prevents him from earning time credits under the First Step Act. Petitioner contends that, even though the charge was cleared, BOP refuses to remove the reference. In Ground Two, petitioner asserts that BOP has failed to review his eligibility for home confinement as required by the CARES Act. Petitioner recently notified the Court that BOP and Warden Hendrix determined that he was not eligible for placement in home confinement pursuant to the CARES Act, and petitioner challenges that decision. Petitioner concedes that he has not sought an administrative remedy from BOP for either of his claims.

Before seeking habeas relief under § 2241, "a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies." *Singh v. Napolitano,* 649 F.3d 899, 900 (9th Cir. 2010) (per curiam). Requiring the exhaustion of administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum," conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level" and allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983); *United Farm Workers v. Arizona Agric. Employ. Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982).

Exhausting administrative remedies "is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void." *United Farm Workers*, 669 F.2d at 1253

(citation omitted); *see also Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (waiving exhaustion where relief was denied because of official BOP policy and further appeal would likely have been denied based on the same policy). However, courts should not relax the exhaustion requirement where it "would encourage the deliberate bypass of the administrative scheme." *Laing v. Ashcroft,* 370 F.3d 994, 1000 (9th Cir. 2004).

BOP implements an administrative review process that begins with an informal grievance. If an inmate does not obtain satisfactory results from the informal process, the inmate may file a Request for Administrative Remedy with the warden. If the inmate is dissatisfied with the warden's response, the inmate may file an appeal with the Regional Office. If the regional appeal does not afford relief, the inmate may file a final appeal with the Central Office. *See* 28 C.F.R. §§ 542.13-542.15. If the final appeal denies relief, the inmate has exhausted administrative remedies and may pursue judicial relief.

According to petitioner, he did not pursue an administrative remedy because it would be futile and he would be eligible for release before the administrative process concluded. However, aside from his conclusory assertion, petitioner fails to explain why the administrative remedy process would be futile in these circumstances. Further, petitioner fails to show that he would be irreparably harmed by the administrative process, aside from the wholly unsupported allegation that the administrative process would not conclude before he is potentially eligible for release. Petitioner presents no evidence to support this assertion and has failed to pursue any step of the administrative process.

Even if petitioner's calculation is correct, neither the alleged brevity of his remaining sentence nor his desire for a faster path to federal court justifies the failure to exhaust in these circumstances. In addition to producing a "useful record for subsequent judicial consideration,"

3 - OPINION AND ORDER

the administrative review process "promotes efficiency" because "[c]laims can generally be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

Additionally, this Court lacks the authority to grant relief on Ground Two. Under the CARES Act, BOP is granted discretion to "lengthen the maximum amount of time for which the [BOP] is authorized to place a prisoner in home confinement." Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 516 (March 27, 2020). Importantly, the CARES Act does not mandate home confinement and whether an inmate should be transferred to home confinement remains within BOP's sole discretion. *See United States v. Oscar*, Case No. 6:19-cr-00021-AA, 2021 WL 864948 at *3 (D. Or. Mar. 8, 2021) ("The decision whether to exercise this authority…and release a [prisoner] to home confinement lies entirely with BOP; the court lacks the power to order that a prisoner be released to home confinement, even under the CARES Act."). Thus, this Court has no authority to order petitioner's placement in home confinement.

## CONCLUSION

Petitioner failed to exhaust his administrative remedies and fails to state a viable habeas claim in Ground Two. Accordingly, the Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED, without prejudice to refile as to Ground One.

IT IS SO ORDERED.

DATED this 17th day of November, 2022.

                                                  s/ Michael J. McShane
                                                  MICHAEL J. MCSHANE
                                                  United States District Judge